UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-110-F

| | |
|---|---|
| CATHY L. RUDISILL,<br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | )<br>)<br>)<br>)    ORDER<br>)<br>)<br>)<br>) |

This matter is before the court on the Government's motion to dismiss [DE-11] and Rudisill's motion to amend [DE-33], motion for protective order [DE-20], and motion to qualify expert [DE-31]. The motion to amend is ALLOWED in part and DENIED in part, the motion to dismiss is DENIED AS MOOT, the motion for protective order is ALLOWED in part and DENIED in part and the motion to qualify expert is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Cathy Rudisill alleges that her surgeons committed medical malpractice in the course of a surgery at the Womack Army Medical Center. After learning that she had an "adrenal mass" in her abdomen that was interfering with her ability to control her blood sugars, Rudisill scheduled surgery to have it removed. Rudisill alleges two Army surgeons negligently performed the procedure and their negligence proximately caused injuries to her spleen and pancreas. After the surgery, Rudisill sought treatment at a different hospital, where surgeons removed most of her pancreas and her entire spleen.

Because the surgery occurred at an army hospital, Rudisill brings her claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Among other things, the FTCA requires administrative exhaustion before the claims may be pursued in federal district court. § 2675(a). Rudisill alleges that she pursued her negligence claims through the appropriate administrative channels, but they were ultimately denied. The Government has filed a motion to dismiss the hospital negligence claim and an answer responding to Rudisill's other claims. After discovery began, Rudisill filed the instant motion to amend, motion for protective order, and motion to qualify expert.

## DISCUSSION

### A. Motion to Amend/Motion to Dismiss

The Government's Rule 12(b)(1) motion to dismiss asserts that Rudisill has failed to exhaust administrative remedies with respect to the hospital negligence claim, thereby depriving the court of subject matter jurisdiction. However, Rudisill recently filed a motion to amend the complaint. The motion requests, among other things, an amendment which reads "[p]rior to filing this action, Plaintiff exhausted all administrative remedies as to each party and each claim." Pl.'s Mot. for Leave to File Amended Compl. [DE-33] at 1.

In these circumstances, Federal Rule of Civil Procedure 15(a)(2) allows "a party [to] amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts should liberally allow amendments:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

2

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend is "not to be granted automatically," *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987), and a district court has discretion to deny amendment so long as the court does not "outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (quoting *Foman*, 371 U.S. at 182).

The government (confusingly) argues that the administrative exhaustion amendment is futile because the court will address administrative exhaustion when it decides the motion to dismiss, which the Government filed prior to the motion to amend. Although the Government fails to explain this argument in any additional detail, the court assumes the Government is arguing that Rudisill's amendment is not based on any new facts uncovered in discovery regarding administrative exhaustion and thus the amendment does not moot the Government's motion to dismiss.[1] And Rudisill's motion certainly does not contradict that argument, as there is no memorandum in support of the motion to dismiss explaining the legal or factual basis for any of the proposed amendments.

Although the court is reluctant to allow leave to amend in these circumstances, the court remains mindful that the policy of the Federal Rules is that claims should be decided on their merits, not legal technicalities (such as the failure to file a memorandum in support of leave to

---

[1] Because the Government's motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may consider facts beyond the pleadings. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

3

amend).[2] *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). As such, the court will presume that new facts have come to light in discovery that may bear on the issue of administrative exhaustion. Accordingly, the motion to amend paragraph six to allege administrative exhaustion "as to all claims" is ALLOWED. Because the court presumes Rudisill filed this amendment because new facts have come to light that would confer jurisdiction, the Government's motion to dismiss [DE-11] is DENIED AS MOOT but without prejudice to re-file.[3] In the event Rudisill did not intend this amendment to suggest that new facts are available regarding administrative exhaustion, the parties may proceed as follows: the Government should file a new motion to dismiss the hospital negligence claim. Then, the parties may file a consent motion to adopt the prior briefing related to the Government's motion to dismiss at docket entry 11 as the operative briefing on the new motion to dismiss. The court will then decide the motion to dismiss on the basis of the facts and arguments addressed in the earlier briefing. Assuming the parties have new information regarding administrative exhaustion, then the parties will need to file new briefing regarding dismissal of the hospital negligence claim.

Rudisill also requests leave to amend paragraph 43 of her complaint. Originally, paragraph 43 read as follows: "[p]rior to instituting this suit for medical malpractice, Plaintiff first obtained certification from an appropriately qualified expert medical witness stating that the

---

[2] Counsel should not construe this statement as suggesting that future motions do not need to be accompanied by properly-supported memoranda. Almost all civil motions require memoranda in support in this district. Local Civil R. 7.1(d).

[3] The Government also requests "clarification" that its response time runs from the date the court allows the amended complaint. That has always been the court's understanding of Rule 15. In this particular case, Rudisill will have seven business days to file her amended complaint and the Government's response time will begin to run on the date the amended complaint is filed. The Government also requests, without citation to authority, to "be relieved of its obligation to file an amended answer" to address the administrative exhaustion amendment. This request is DENIED.

4

Defendants were negligent . . . ." Compl. [DE-1] ¶ 43. Rudisill's proposed amendment retains the foregoing language and adds, among other things, the following: "[A]ll medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence . . . ." Mot. to Amend [DE-33] at 2.

As the Government notes, this amendment is an attempt to bring the complaint in compliance with Rule 9(j) of the North Carolina Rules of Civil Procedure.[4] Rule 9(j) provides that

> [a]ny complaint alleging medical malpractice by a health care provider . . . shall be dismissed unless (1) [t]he pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness . . . and who is willing to testify that the medical care did not comply with the applicable standard of care . . . .

N.C. Gen. Stat. § 1A-1, Rule 9(j). The Government maintains that the amendment is futile because it fails to allege that Rudisill's expert reviewed the medical records prior to filing the lawsuit. *See* Mot. to Amend [DE-33] at 2 (requesting leave to amend to include the sentence "all medical records pertaining to the alleged negligence that are available . . . have been reviewed . . . .").

Although the court is reluctant to deny amendment on this basis, the North Carolina Supreme Court has interpreted Rule 9(j) so restrictively that the court is constrained to the agree with the Government's position. In *Brown v. Kindred Nursing Ctrs. E.*, 364 N.C. 76, 692 S.E.2d

---

[4] The court takes no position on whether the initial complaint (without the amendment) complies with Rule 9(j), as that issue is not currently before the court.

5

87 (2010), the Court held that the Rule 9(j) expert review must occur prior to filing the initial complaint. *Id.* at 84, 692 S.E.2d at 92. The Court also held that any amendment proposed to the initial complaint regarding Rule 9(j) certification must contain language indicating the Rule 9(j) certification occurred prior to filing the initial complaint. *Id.* In effect, *Kindred Nursing* precludes a party from filing a medical malpractice claim, obtaining Rule 9(j) certification after filing the lawsuit, and then requesting leave to amend the complaint to include the Rule 9(j) certification. *Id.*

Here, Rudisill's proposed amendment fails to allege that the expert review occurred prior to filing her initial complaint. The proposed amendment contains the language "all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed[,]" Mot. to Amend [DE-33] at 2, but the language fails to allege when the review occurred. Ordinarily, given the procedural posture of this case, the court would draw the inference in Rudisill's favor that the review occurred prior to the time she filed her initial complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). However, in the Rule 9(j) context, the North Carolina Supreme Court apparently requires that any amendment specifically allege that the review occurred prior to the plaintiff filing the initial complaint. *See Kindred Nursing*, 364 N.C. at 84, 692 S.E.2d at 92; *Thigpen v. Ngo*, 355 N.C. 198, 203-04, 558 S.E.2d 162, 166-67 (2002). Accordingly, the amendment to paragraph 43, to the extent it alleges expert review has been obtained, is DENIED as futile.

6

The court notes that the Government is not currently challenging the sufficiency of Rudisill's original Rule 9(j) certification, which provides "prior to instituting this suit for medical malpractice, Plaintiff first obtained certification from an appropriately qualified expert medical witness stating that the Defendants were negligent . . . ." Compl. [DE-1] ¶ 43. As the Government notes in a recent filing, "[the Government] elected to file an answer in response to the complaint and to pursue Rule 9(j) verification [during] discovery so as not to waste time with a challenge to Rule 9(j) compliance unless such challenge was supported by the facts." Def.'s Resp. to Pl.'s Mot. To Qualify Expert Per Rule 702 [DE-38] at 5. The court agrees that this approach is preferable. Rather than deciding the case on the technical pleading rules, the court prefers to decide the Rule 9(j) certification issue based on the actual merits of the certification as disclosed in discovery. *See Ford v. McCain*, 192 N.C. App. 667, 672, 666 S.E.2d 153, 157 (2008) (explaining that a medical malpractice action is subject to dismissal if discovery reveals that the plaintiff did not comply with Rule 9(j)). To that end, and as discussed in more detail below, Rudisill will be required to anwser the Government's Rule 9(j) interrogatories.

The proposed amendment to paragraph 43 also contains the language "or facts establishing negligence under the existing common-law doctrine of *res ipsa loquitur*." Although it is by no means clear, the court presumes that this amendment seeks to plead in the alternative that the facts alleged in the complaint make out a negligence claim under the doctrine of *res ipsa loquitur*. Under Rule 9(j), if the pleadings allege facts that establish *res ipsa*, then expert certification is not required. Rule 9(j)(3).

Rather than challenging this amendment on the basis that the facts alleged do not make out a *res ipsa* claim, the Government argues the amendment is futile because the doctrine of *res*

7

*ipsa* does not apply in the surgical field as a general matter. But that is not strictly true. *See Tice v. Hall*, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984); *Schaffher v. Cumberland Cnty. Hosp. Sys., Inc.*, 77 N.C. App. 689, 691-94, 336 S.E.2d 116, 118-19 (1985). Presumably, the Government is arguing that the facts as alleged in Rudisill's complaint do not make out a *res ipsa* claim. However, the Government makes no attempt to support this legal conclusion with any analysis of the facts alleged in the complaint and the court is not going to undertake this research project without any assistance from the Government's brief. Accordingly, the motion to amend to include the *res ipsa* language is ALLOWED.

To summarize, Rudisill's motion to amend [DE-33] is ALLOWED in part and DENIED in part. It is ALLOWED as to the amendment to paragraph six. It is DENIED as to the portions of the amendment to paragraph 43 addressing expert review. It is ALLOWED as to the portions of the amendment to paragraph 43 addressing *res ipsa loquitur*. The Government's motion to dismiss [DE-11] is DENIED AS MOOT but without prejudice to re-file as explained above. Rudisill is DIRECTED to file her amended complaint incorporating only the changes allowed in this order within seven business days of the date of this order. The Government's response time will begin running on the date the amended complaint is filed.

## B. Motion for Protective Order

Rudisill also moves for a protective order regarding ten interrogatories the Government served relating to Rudisill's compliance with Rule 9(j). Rudisill maintains that because Rule 9(j) is procedural, the *Erie* doctrine precludes the Government from serving these interrogatories.[5]

---

[5] Rudisill's motion fails to precisely identify the type of relief she seeks. Rudisill requests a "protective order" regarding the Government's Rule 9(j) interrogatories and argues that Rule 9(j) conflicts with various Federal Rules of Civil Procedure. However, it is not clear if Rudisill is requesting

8

*See Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965) (holding federal court sitting in diversity should apply state substantive law and federal procedural law). Rudisill is wrong, and she is DIRECTED to answer the interrogatories and provide the appropriate expert verification.

It is well settled that Rule 9(j), which requires dismissal of medical malpractice actions that fail to comply with its directives, is substantive law, notwithstanding its denomination as a rule of civil procedure. *See, e.g., Littlepaige v. United States*, 528 F. App'x 289, 292-93 (4th Cir. 2013) (explaining certification under Rule 9(j) is required to bring a medical malpractice action in North Carolina and collecting cases); *Flythe v. Davis*, No. 4:10-CV-126-BO, 2011 WL 1870229, at *2 (E.D.N.C. May 16, 2011) ("[F]ederal courts in North Carolina have generally characterized and applied Rule 9(j) as a substantive element of a medical malpractice claim, rather than as a procedural requirement."); *Boula v. United States*, No. 1:11-CV-366, 2013 WL 1343547, at *2 (M.D.N.C. April 2, 2013); *Lauer v. United States*, No. 1:12-CV-41, 2013 WL 566124, at *4 (W.D.N.C. Feb. 13, 2013). Because Rule 9(j) grafts a substantive requirement onto medical malpractice actions in North Carolina, Rudisill is required to answer the Government's Rule 9(j) interrogatories and provide the required expert verification.

To the extent Rudisill is complaining about Rule 9(j)'s provision allowing for an additional ten interrogatories above the limit set by the North Carolina Rules of Civil Procedure, the court agrees that the number of interrogatories is a matter exclusively within the province of the Federal Rules and the court's discretion. Fed. R. Civ. P. 33 ("Unless otherwise stipulated or

---

a court order finding that she is not required to respond to the substance of the interrogatories or if she requests an order clarifying that these interrogatories count as part of the Government's maximum number of interrogatories. In an effort to clarify Rudisill's responsibilities regarding these interrogatories, the court assumes that the motion requests both forms of relief.

ordered by the court, a party may serve on any other party no more than 25 written interrogatories . . . ."). In this case, the parties have agreed (and the court has approved) up to fifty interrogatories that each side may serve on the opposing party. Scheduling Order [DE-27] at 7. That is twice the limit provided for the in Federal Rules. Fed. R. Civ. P. 33. Accordingly, the Government's ten Rule 9(j) interrogatories must be counted within the fifty interrogatory limit to which the parties have already agreed. If the Government needs additional interrogatories, it must first attempt to work the issue out with opposing counsel and, assuming that fails, seek court approval for additional interrogatories.

The motion for protective order [DE-20] is DENIED in part and ALLOWED in part. To the extent it requests a court order that Rudisill does not have to answer the substance of the Rule 9(j) interrogatories or provide the required expert certification, it is DENIED. It is ALLOWED to the extent it requests that these ten interrogatories should count towards the fifty interrogatory limitation. Rudisill is DIRECTED to answer the Rule 9(j) interrogatories and to provide the required expert certification. The court will leave the time limitation for answering these interrogatories to the parties, but the parties are cautioned, once again, not to be dilatory in pursuing discovery.

## C. Motion to Qualify Expert under Rule 702

Finally, Rudisill also requests a court order determining that her expert is qualified under Rule 702 of the Federal Rules of Evidence. As the Government notes, this motion is entirely premature. The Government is not even contesting Rudisill's expert's qualifications at the present time. Nor could it, given that the Government has not had an opportunity to depose the expert or review his reports. While it is true that Rule 9(j) requires that the certification come

10

from an expert reasonably expected to qualify as an expert under Rule 702, nothing in the rule requires court approval of the expert early in the litigation. It is counsel's responsibility to ensure that the expert used for the Rule 9(j) certification was reasonably expected to qualify under Rule 702 at the time of the certification. And as the Government notes, so long as the expert was reasonably expected to qualify at the time of the certification, a later disqualification of the expert under Rule 702 does not necessarily render the claim itself subject to dismissal. *See Trapp v. Maccioli*, 129 N.C. App. 237, 241, 497 S.E.2d 708, 711 (1998) ("The disqualification of a Rule 9(j) witness under Rule 702 does not necessarily require the dismissal of the pleadings. The question under Rule 9(j) instead is whether it was 'reasonably expected' that the witness would qualify under Rule 702."). Accordingly, the motion to qualify expert [DE-31] is DENIED.

## CONCLUSION

In summary, the motion to amend is ALLOWED in part and DENIED in part. It is ALLOWED as to the amendment to paragraph six. It is DENIED as to the portions of the amendment to paragraph 43 addressing expert review. It is ALLOWED as to the portions of the amendment to paragraph 43 addressing *res ipsa loquitur* (the final phrase of the proposed language). The Government's motion to dismiss [DE-11] is DENIED AS MOOT but without prejudice to re-file as explained above. Rudisill is DIRECTED to file her amended complaint incorporating only the changes allowed in this order within seven business days of the date of this order. The Government's response time will begin running on the date the amended complaint is filed.

The Government's motion for ruling on the motion for protective order [DE-35] is ALLOWED. The motion for protective order itself [DE-20] is ALLOWED in part and DENIED

in part. To the extent it requests a court order that Rudisill does not have to answer the substance of the Rule 9(j) interrogatories or provide the required expert certification, it is DENIED. It is ALLOWED to the extent it requests that these ten interrogatories should count towards the fifty interrogatory limitation. Rudisill is DIRECTED to answer the Rule 9(j) interrogatories and to provide the required expert certification. The court will leave the time limitation for answering these interrogatories to the parties. The motion to qualify expert [DE-31] is DENIED without prejudice to re-file at the appropriate time.

Finally, the Clerk of Court has communicated with counsel for the Government regarding whether the appropriate parties are named in this case. The Government indicates that one or more of the named Defendants are not the appropriate parties. Assuming that is the case, counsel must file a motion requesting that the relevant party be terminated. The motion may be a consent motion.

SO ORDERED

This the 20 day of March, 2014.

James C. Fox
JAMES C. FOX
Senior United States District Judge