UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-110-F

| | | |
|---|---|---|
| CATHY L. RUDISILL, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the Government's motion to dismiss Rudisill's hospital negligence claim [DE-44], the Government's motion to dismiss Rudisill's *res ipsa loquitur* claim [DE-45], and the Government's motion for ruling [DE-57]. The motions to dismiss the hospital negligence claim and the *res ipsa* claims are ALLOWED and those claims are DISMISSED. The motion for ruling is also ALLOWED.

## FACTUAL AND PROCEDURAL BACKGROUND

Cathy Rudisill alleges that her surgeons committed medical malpractice in the course of a surgery at the Womack Army Medical Center. After learning that she had an "adrenal mass" in her abdomen that was interfering with her ability to control her blood sugars, Rudisill scheduled surgery to have it removed. Rudisill alleges two Army surgeons negligently performed the procedure and their negligence proximately caused injuries to her spleen and pancreas. After the surgery, Rudisill sought treatment at a different hospital, where surgeons removed most of her pancreas and her entire spleen.

Because the surgery occurred at an army hospital, Rudisill brings her claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Among other things, the FTCA requires administrative exhaustion before the claims may be pursued in federal district court. § 2675(a). Rudisill alleges that she pursued her negligence claims through the appropriate administrative channels, but they were ultimately denied.

## DISCUSSION

### A. Administrative Exhaustion

The Government's Rule 12(b)(1) motion to dismiss asserts that Rudisill has failed to exhaust administrative remedies with respect to the hospital negligence claim, thereby depriving the court of subject matter jurisdiction. Rule 12 states that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court may consider matters outside the pleadings on a Rule 12(b)(1) motion when the factual predicate for jurisdiction is in dispute. *See Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768-69 (4th Cir. 1991). The plaintiff bears the burden of proving the court has subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). The motion to dismiss should be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Fredericksburg & Potomac*, 945 F.2d at 768-69.

The FTCA grants a limited waiver of the United State's sovereign immunity from civil tort actions. The waiver is conditional on the plaintiff exhausting her administrative remedies before the relevant government agency. *See* 28 U.S.C. § 2675(a). The requirement is jurisdictional and cannot be waived. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).

2

Administrative exhaustion requires, among other things, that the claim be presented to the agency with written notice "sufficient to cause the agency to investigate." *Id.* at 517. Under this "presentment" requirement, the plaintiff does not have to identify legal theories in the written notice or "provide the agency with a preview of his or her lawsuit by reciting every possible theory of recovery." *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999). However, the facts presented must "do more than cause 'the government to sift through the record' . . . [and the] notice must be sufficiently detailed so that the United States can 'evaluate its exposure as far as liability is concerned.'" *Richland-Lexington Airport Dist. v. Atlas Props., Inc.*, 854 F. Supp. 400, 412 (D.S.C. 1994) (quoting *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983)).

The questioned presented by this case is whether Rudisill's notice of general medical negligence[1] is sufficient to put the Government on notice of her hospital negligence claim. The courts are somewhat divided on the issue of whether a written notice of medical negligence also provides notice of specific claims that fall within the general category of medical negligence. *Compare Frantz v. United States*, 29 F.3d 222, 224-25 (5th Cir. 1994) (FTCA notice that put hospital on notice of medical negligence also sufficiently notified hospital of informed consent claim despite failure to explicitly identify informed consent issue in notice) *with Murrey v. United States*, 73 F.3d 1448, 1451-53 (7th Cir. 1996) (holding that informed consent claim is not "implicit when the administrative claim alleges medical negligence" and "the administrative claim must narrate facts from which a legally trained reader would infer a failure to obtain

---

[1] The Government does not contest the sufficiency of Rudisill's notice of the surgical negligence claim.

3

informed consent."); *see also Drew v. United States*, 217 F.3d 193 (4th Cir. 2000), *reh'g en banc granted, opinion vacated* (Sept. 8, 2000), *aff'd by equally divided court without opinion*, 231 F.3d 927 (4th Cir. 2000) (failing to reach consensus among active circuit judges on issue of whether notice of medical negligence puts the United States on notice of informed consent claim as well). In *Frantz*, the Fifth Circuit concluded that allegations of medical negligence are sufficient to put the Government on notice of an informed consent claim because "[b]y its very nature, the informed consent claim is included in the Frantzes' allegation of negligence in their administrative claim." *Frantz*, 29 F.3d at 224; *see also Drew*, 217 F.3d at 199 (adopting this reasoning).

This case is readily distinguishable from *Frantz*. While an informed consent claim may be included in a medical negligence claim "by its very nature," a hospital negligence claim is not. Hospital negligence claims typically involve claims for the negligent selection and supervision of physicians. *See Estate of Waters v. Jarman*, 144 N.C. App. 98, 102, 547 S.E.2d 142, 145 (2001). Thus, compared to a medical negligence claim, a hospital negligence claim will frequently involve wholly different facts regarding supervising and credentialing providers, often temporally distinct events, and different persons; a medical negligence claim does not "by its very nature" put an agency on notice that it negligently credentialed or supervised the clinician. *See Drew*, 217 F.3d at 199 (explaining Government should be on notice of informed consent claim when medical negligence is alleged because "what might appear at first blush to be distinct claims are actually little more than alternative legal theories applicable to the same set of operative facts").

Rudisill's hospital negligence claim is predicated on "extension of credentialing or privileges [to] an inexperienced surgeon." Rudisill's Resp. Mem. [DE-49] at 2; *see Blanton v.*

4

*Moses H. Cone*, 319 N.C. 372, 375-76, 354 S.E.2d 455, 458 (1987). Her administrative notice of claim utterly fails to put the hospital on notice of this claim: there is no allegation regarding which administrator actually credentialed the surgeon, when that occurred, or how the credentialing process fell below the standard of care. Thus, Rudisill has failed to exhaust administrative remedies with respect to the hospital negligence claim, and the court therefore lacks subject matter jurisdiction over that claim. Accordingly, the hospital negligence claim is dismissed without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . any defect in subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

## B. Res Ipsa Loquitur

The Government also moves to dismiss Rudisill's *res ipsa loquitur* claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). While the court accepts the well-pleaded factual allegations as true, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5

Rudisill's *res ipsa* claim is entirely foreclosed under North Carolina law. *Res ipsa* applies in the medical malpractice context "'if the injurious result rarely occurs standing alone and is not an inherent risk of the operation.'" *Frazier v. Angel Med. Ctr.*, 308 F. Supp. 2d 671, 677 (W.D.N.C. 2004) (quoting *Wright v. United States*, 280 F. Supp. 2d 472, 481 (M.D.N.C. 2003)). The doctrine is reserved "for those situations in which a physician's conduct is so grossly negligent or the treatment is of such a nature that the common knowledge of laypersons is sufficient to find [the essential elements]." *Bailey v. Jones*, 112 N.C. App. 380, 387, 435 S.E.2d 787, 792 (1985).

Rudisill fails to allege that her treatment was so grossly negligent that laypersons could determine the surgeon was negligent. In fact, her allegations of negligence permit only the opposite inference: that without expert testimony, a layperson could not determine whether the surgeon breached the relevant standard of care. Her allegations are that a surgeon negligently injured her pancreas and spleen while removing an adrenal mass located near those organs. There is simply no way a lay jury could determine whether the surgery fell below the relevant standard of care without the assistance of expert testimony in these circumstances. Thus, this is patently not a case where "a physician's conduct is so grossly negligent or the treatment is of such a nature that the common knowledge of laypersons is sufficient to find [the essential elements]." *Bailey*, 112 N.C. App. at 387, 435 S.E.2d at 792. The *res ipsa* claim is therefore DISMISSED.

## CONCLUSION

The Government's motion to dismiss the hospital negligence claim [DE-45] is ALLOWED and that claim is DISMISSED without prejudice. The Government's motion to

6

Case 5:13-cv-00110-F   Document 58   Filed 09/02/14   Page 6 of 7

dismiss the *res ipsa* claim [DE-44] is also ALLOWED and that claim is DISMISSED with prejudice. The motion for ruling [DE-57] is also ALLOWED.

SO ORDERED

This the 2ᵈ day of September, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

7

Case 5:13-cv-00110-F   Document 58   Filed 09/02/14   Page 7 of 7